NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JEREMIAH J. SALAMON, | : | |
| | : | CIV. NO. 23-72 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STEVIE KNIGHT, WARDEN | : | |
| | : | |
| Respondent | : | |

IT APPEARING THAT:

1. On January 6, 2023, Petitioner Jeremiah J. Salamon ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his loss of good conduct time as a sanction for violation of a prison disciplinary rule. (Pet., Dkt. No. 1.)

2. By Order dated April 20, 2023, this Court screened the habeas petition and found it to present a hybrid habeas petition/civil rights action. (Order, Dkt. No. 3.) Therefore, the Court severed the habeas and civil rights claims and ordered the Clerk of Court to open a new civil action for Plaintiff's civil rights claims, which was opened as *Salamon v. Knight*, Civil Action No. 23-2220 (RMB-AMD). The Court takes judicial notice that Petitioner paid the necessary filing fee for his civil rights action, and the case was permitted to proceed. Civil Action No. 23-2220 (RMB-AMD), Opinion and Order, Dkt. Nos. 8, 9. Summons were executed on the

1

defendants Civil Action No. 23-2220 (RMB-AMD) Dkt. Nos. 14-16, and Defendants' motion to dismiss was filed on April 22, 2024, and is pending.

3. In the meantime, Respondent filed an answer, opposing habeas relief, on July 20, 2023. (Answer, Dkt. No. 9.) According to the Court's briefing schedule (Order, Dkt. No. 3), Petitioner was permitted to file a reply brief within 45 days, which expired on Monday, September 4, 2023, pursuant to the computation of time under Federal Rule of Civil Procedure 6.

4. In an Opinion and Order dated March 5, 2024, this Court denied Petitioner's habeas petition, finding he was afforded due process in his prison disciplinary proceeding and not entitled to habeas relief. (Opinion and Order, Dkt. Nos. 16, 17.)

5. On April 1, 2024, Petitioner filed a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). (Mot. for Reconsideration, Dkt. No. 18.)

6. Petitioner contends he submitted a reply brief to this Court on September 7, 2023, titled "Petitioner's Response to Attorney For Respondent's Answer to the Petition for a Writ of Habeas Corpus Under 28 U.S.C. §§ 2241, 2242 & 2243." Petitioner further asserts that he received a "Notice of Electronic Filing" from this Court on September 28, 2023, acknowledging the filing of his reply brief on September 15, 2023. The Court did not address his reply brief in determining his habeas petition.

7. The docket in this matter does not reflect the filing of Petitioner's reply brief in this habeas action. The Court takes judicial notice that Petitioner filed his

reply brief in Civil Action No. 23-2220 (RMB).  (*See* Dkt. No. 7.)

      8.  A motion for reconsideration under Rule 59(e) provides an extremely limited opportunity for review.  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  Relief is available:

> [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available … or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Id.* at 415 (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (alteration added)).  Petitioner's filing of his reply brief in the wrong proceeding does not fall within the limited scope of a motion for reconsideration under Rule 59(e).  Therefore, the motion will be denied.

      9.  In the alternative, this Court has reviewed Petitioner's reply brief, submitted with his motion for reconsideration. (Reply Brief, Dkt. Nos. 18-1 and 18-2). Petitioner's reply brief does not alter this Court's denial of his habeas petition.  In particular, the DHO's denial of Petitioner's request to present his proposed witnesses at his prison disciplinary hearing was harmless.  Petitioner's own description of the incident, submitted to the DHO, was consistent with Petitioner fighting with another inmate, as defined by the Bureau of Prisons.  Thus, even if the DHO had credited Petitioner's written description of the incident, corroborated by his proposed witnesses, more than sufficient evidence supported the DHO's finding that Petitioner violated Bureau of Prisons Code 201, Fighting another person.  *See Fleck v. Fed. Corr.*

*Inst.*, 490 F. App'x 418, 419 (3d Cir. 2012) (finding sufficient evidence that federal prisoner violated BOP Code 201, defined as "a hostile physical or verbal encounter, or altercation, between two or more persons[,]" by his involvement in, at least, a verbal altercation with another inmate.) [1]

    10.  Therefore, the Court will deny Petitioner's motion for reconsideration. An appropriate Order follows.

Date: **November 7, 2024**

                                      s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Petitioner stated in his reply brief:

> Petitioner did not admit to "fighting" in a "mutually combative" altercation where he "returned the aggression." Petitioner does admit, however, to engaging in the Constitutionally protected Right of Self-Defense. This <u>did not</u> include the punching, hitting kicking or assaulting of [S.R.], but merely shoving his body into [S.R.] in order to facilitate Petitioner's escape from the [vicious] attack by the armed assailant.

(Reply Brief, Dkt. No. 18-1 at 27.)